# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEBBY SEVANT,

    Petitioner,

vs.

SHERYL FOSTER, et al.,

    Respondents.

Case No. 2:14-cv-00531-JCM-VCF

**ORDER**

    Petitioner has paid the filing fee. She has submitted a motion for leave to file excess pages (#3). The court grants this motion. The court has reviewed her petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

    Petitioner is challenging the judgment of conviction in case number C266818 of the Eighth Judicial District Court of the State of Nevada. Petitioner agreed to plead guilty grand larceny in that case. As part of the same plea agreement, she pleaded guilty to burglary in case number C265843. She was adjudicated as a habitual criminal pursuant to Nev. Rev. Stat. § 207.010 in both cases, and the sentences run consecutively. Petitioner did not appeal the judgment of conviction in case number C266818.

    Petitioner filed a post-conviction habeas corpus petition in state district court. The state district court denied the petition. It ruled that the petition as a whole was untimely pursuant to Nev. Rev. Stat. § 34.726(1). It also ruled that some claims were procedurally barred pursuant to Nev. Rev. Stat. § 34.810 because she could have raised them on appeal, and it ruled that the other claims

were without merit.  Petitioner appealed.  The Nevada Supreme Court ruled that the petition was timely, but it affirmed the denial based upon the state district court's other determinations.

Petitioner then filed her federal habeas corpus petition pursuant to 28 U.S.C. § 2254. Although she has designated eleven grounds for relief, paragraphs and sentences often continue from one ground to another.  Instead of referring to the grounds for relief, the court will refer to the numbered paragraphs.

In paragraphs 1 through 14, petitioner alleges:  (1) she was on painkilling and anxiety medication when she was arrested; (2) she was questioned in custody without being advised of her rights; (3) counsel advised her to plead guilty; (4) petitioner did not steal any objects from an antique store, which was the basis for the charge of grand larceny, but she took them in payment for selling the store's owner an ounce of marijuana; (5) counsel failed to investigate petitioner's version of events; (6) petitioner did not have active warrants for her arrest in other jurisdictions; and (7) the value of the items stolen was less than the value required for grand larceny.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [McMann v. Richardson, 397 U.S. 759 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973).  All of the allegations in paragraphs 1 through 14 pre-date entry of the plea.  In all of those paragraphs, petitioner alleges only in a conclusory fashion that counsel advised her to plead guilty, and she alleges no facts that her guilty plea otherwise was unknowing and involuntary.  Indeed, based upon the facts as alleged in the petition, counsel's advice to plead guilty was competent, because petitioner's apparent defense to the charge of grand larceny was to admit that she was trafficking in a controlled substance.  The prosecution could have corrected that problem simply by charging her with trafficking.  Furthermore, given that the prosecution was seeking adjudication as a habitual criminal pursuant to Nev. Rev. Stat. § 207.010, which replaces the penalty otherwise authorized by the underlying crime, the penalty for either grand larceny or trafficking would have been the same.  The court will give petitioner the opportunity to file an amended petition that corrects these defects.  Correction is not simply the

addition of phrases such as "poor advice" or "unknowing and involuntary" to petitioner's allegations, because the facts alleged do not support a claim that counsel was ineffective in advising her plead guilty or that her plea was unknowing and involuntary.  Petitioner needs to allege new facts that can demonstrate that her counsel's advice was ineffective assistance of counsel or that her plea was unknowing and involuntary.

Paragraphs 15 through 22 are claims of error in petitioner's state post-conviction habeas corpus proceedings.  Even if these errors occurred, they are not addressable in federal habeas corpus.  Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997).  In the amended petition, petitioner needs to omit these allegations.

Petitioner has submitted a motion for appointment of counsel (#2).  Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief.  18 U.S.C. § 3006A(a)(2)(B).  "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in federal habeas proceedings.  McCleskey v. Zant, 499 U.S. 467, 495 (1991).  The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them.  Weygandt, 718 F.2d at 954.  After reviewing the petition, the court concludes that appointment of counsel is not warranted.

On August 29, 2014, petitioner filed a notice of appeal (#7) from a decision of the Nevada Supreme Court.  This court lacks jurisdiction to consider an appeal from a judgment of a state court.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 483 n.16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  Petitioner's sole federal remedy from a judgment of conviction of a state court is through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Because petitioner already is pursuing habeas corpus relief in this court, the court will take no action on the notice of appeal.

IT IS THEREFORE ORDERED that the motion for leave to file excess pages (#3) is **GRANTED**.

-3-

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket number, 2:14-cv-00531-JCM-VCF, above the word "AMENDED."

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

IT IS FURTHER ORDERED that the motion for appointment of counsel (#2) is **DENIED**.

IT IS FURTHER ORDERED that the court will take no action upon the notice of appeal (#7).

DATED: September 9, 2014.

_____
JAMES C. MAHAN
United States District Judge